UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUCUL ADVERTISING LLC,

      Plaintiff,

                                    File No. 1:11-CV-376

v.

                                    HON. ROBERT HOLMES BELL

GRAND RAPIDS CHARTER TOWNSHIP,

      Defendant.
                                        /

**O P I N I O N**

This action challenging the Grand Rapids Charter Township sign ordinance is before the Court on the parties' cross-motions for summary judgment. For the reasons that follow, Defendant Grand Rapids Charter Township's motion for summary judgment (Dkt. No. 7) and Plaintiff Hucul Advertising LLC's motion for partial summary judgment (Dkt. No. 15) will be held in abeyance pending a determination on the issue of standing.

**I.**

For purposes of their cross-motions for summary judgment, the parties have accepted the following facts alleged in Plaintiff's verified complaint as true. (Dkt. No. 8, Def.'s Br. 3; Dkt. No. 18, Pl.'s Am. Resp. 2).

Plaintiff Hucul Advertising LLC ("Hucul") is a Michigan limited liability company that engages in the business of developing, erecting and maintaining billboards on property it owns or leases for that purpose. Plaintiff intends to earn income by charging advertisers

for the display of messages on its billboards or selling developed billboards to others in the industry.

Hucul has entered into lease agreements for the purpose of erecting and maintaining billboards on six properties in Grand Rapids Charter Township (the "Township"): (1) 660 Cascade West Parkway, which is adjacent to I-96; (2) 2300 East Beltline Avenue, which is adjacent to M-44; (3) 4609 Cascade Road; (4) 2808 East Beltline Avenue, which is adjacent to M-44; (5) 1002 East Paris, which is adjacent to I-96; and (6) 1000 East Paris, which is adjacent to I-96. Hucul submitted applications for building permits to Grand Rapids Township for purposes of constructing billboards on these six properties.

The Township Zoning ordinance expressly prohibits "[o]ff-premises signs (except for non-commercial signs and community special event signs)." Ord. § 30.3(6). The Township has not processed the building permit applications because the Township Zoning Ordinance does not allow billboards or off-premises commercial signs.

On April 13, 2011, Plaintiff filed this action raising four challenges to the Township's sign ordinance: Count I, violation of the First Amendment right to free speech; Count II, violation of the Michigan Highway Advertising Act; (3) Count III, unlawful exercise of police powers; and Count IV, violation of the Michigan Zoning Enabling Act. Plaintiff seeks monetary damages as well as injunctive and declaratory relief. The parties have filed cross-motions for summary judgment on all of the claims.

## II.

Plaintiff alleges in Count I that the Township violated Plaintiff's First Amendment rights to free speech by denying Plaintiff the ability to erect a billboard in the Township. (Comp. ¶¶ 45-48.) Plaintiff alleges:

> The prohibition of billboards and/or off-premises signs within the Township creates an unlawful licensing scheme for the erection of said billboards and/or signs because it prohibits lawful free speech without advancing a substantial government interest in a narrowly tailored manner intended to reach no further than necessary.

(Compl. ¶ 47.)

The Township moves for summary judgment on Count I based on its contention that its prohibition on off-premises commercial signs is a valid content-neutral time, place and manner restriction that is narrowly tailored to advance a significant governmental interest. Plaintiff also moves for summary judgment on Count I based on its contention that, although the Ordinance is a content-neutral time place and manner restriction, it violates the intermediate scrutiny test applicable to to restrictions on commercial speech. *See Pagan v. Fruchey*, 492 F.3d 766, 770 (6th Cir. 2007) (en banc) (citing *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557 (1980)).

Before addressing the parties' arguments, the Court considers the issue of standing. Because this issue goes to the Court's subject matter jurisdiction, it can be raised *sua sponte*. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007). To satisfy the requirement of standing for purposes of Article III, Plaintiff must show:

> (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* (internal citations and quotations omitted). In *Midwest Media Property, L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456 (6th Cir. 2007), the Sixth Circuit held that the plaintiffs did not have standing to challenge the township's off-premises advertising ban. The court reasoned that because the plaintiffs' sign applications plainly violated the ordinance's size and height regulations, even if the plaintiffs were successful in challenging the off-premises advertising ban, "that would not redress the plaintiffs' injury because the size and height restrictions still would preclude the township from approving their sign applications and thus still would preclude plaintiffs from erecting each of these signs."  *Id.* at 461.

Plaintiff alleges in its complaint that the Township's "prohibition of billboards and/or off-premises signs" violates the First Amendment. (Compl. ¶ 48.) The only specific sections of the ordinance referenced in Plaintiff's complaint are § 30.03(5), which prohibits off-premises signs, and § 30.02 which defines off-premises signs. (Compl. ¶¶ 14-15.) Plaintiff has not challenged the ordinance's size and height restrictions. Neither has Plaintiff indicated the size of its proposed billboards. During oral argument, Defendant indicated that none of Plaintiff's proposed billboards would pass the ordinance's size and height requirements.

The Court cannot determine, on the current record, whether Plaintiff has standing to

raise the First Amendment claim. If Plaintiff does not have standing to raise the First Amendment claim, the Court does not have jurisdiction to consider Plaintiff's pendent state law claims. Accordingly, the Court concludes that it must hold the cross-motions for summary judgment in abeyance and require Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

    An order consistent with this opinion will be entered.


Dated: <u>February 6, 2012</u>                  <u>/s/ Robert Holmes Bell</u>
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE