UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUCUL ADVERTISING LLC,

       Plaintiff,

                                File No.  1:11-CV-376

v.

                                HON. ROBERT HOLMES BELL

GRAND RAPIDS CHARTER TOWNSHIP,

       Defendant.

_____/

**O P I N I O N**

This action challenging the Grand Rapids Charter Township sign ordinance is before the Court on Plaintiff's response to the Court's order to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  (Dkt. No. 27, Order to Show Cause; Dkt. No. 28, Pl.'s Resp.)  For the reasons that follow, this action will be dismissed.

**I.**

Plaintiff Hucul Advertising LLC ("Hucul") is a Michigan limited liability company that engages in the business of developing, erecting and maintaining billboards on property it owns or leases for that purpose.  Plaintiff intends to earn income by charging advertisers for the display of messages on its billboards or selling developed billboards to others in the industry.  (Compl. ¶¶ 5-9.)

Hucul has entered into lease agreements for the purpose of erecting and maintaining billboards on six properties in Grand Rapids Charter Township (the "Township"):  (1) 660

Cascade West Parkway, which is adjacent to I-96; (2) 2300 East Beltline Avenue, which is adjacent to M-44; (3) 4609 Cascade Road; (4) 2808 East Beltline Avenue, which is adjacent to M-44; (5) 1002 East Paris, which is adjacent to I-96; and (6) 1000 East Paris, which is adjacent to I-96. Hucul submitted applications for building permits to Grand Rapids Township for purposes of constructing billboards on these six properties. (Compl. ¶¶ 16-37.)

The Township Zoning ordinance expressly prohibits "[o]ff-premises signs (except for non-commercial signs and community special event signs)." Ord. § 30.3(6). (Compl. ¶ 14.) The Township has not processed the building permit applications and has verbally told Plaintiff that it will not process them because the Township Zoning Ordinance does not allow billboards within the Township. (Compl. ¶ 39.)

On April 13, 2011, Plaintiff filed this action raising four challenges to the Township's sign ordinance: Count I, 42 U.S.C. § 1983 – violation of Hucul's First and Fourteenth Amendment rights to free speech; Count II, violation of the Michigan Highway Advertising Act, Mich. Comp. Laws § 252.301, *et seq.*; Count III, unlawful exercise of police powers; and Count IV, violation of the Michigan Zoning Enabling Act, Mich. Comp. Laws § 125.3101, *et seq.* Plaintiff seeks monetary damages as well as injunctive and declaratory relief. The parties filed cross-motions for summary judgment on all of the claims.

On February 6, 2012, this Court issued a an order requiring Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Specifically,

2

the Court questioned whether Plaintiff's alleged injury would be redressed by a favorable decision.

## II.

"To satisfy Article III's standing requirements, a plaintiff must show: (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007) (quoting *Cleveland Branch NAACP v. City of Parma*, 263 F.3d 513, 523-24 (6th Cir. 2001)) (internal quotation marks omitted). In *Midwest Media Property, L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456 (6th Cir. 2007), the Sixth Circuit held that the plaintiffs lacked standing to challenge the township's off-premises advertising ban because, even if the plaintiffs were successful in their challenge, the township ordinance's size and height restrictions would still preclude the plaintiffs from erecting their signs. *Id.* at 461.

The Court's show cause order questioned whether Plaintiff's proposed signs, like the signs at issue in *Midwest Media*, exceeded the maximum size allowed by the Township's ordinance, such that, even if Plaintiff were successful in its constitutional challenge to the Township's prohibition against off-premises commercial signs, the Township's restrictions on size and height would nevertheless preclude Plaintiff from erecting its signs.

Plaintiff's response to the show cause order contains the following acknowledgment:

> Plaintiff acknowledges that the proposed signs vary in size from 300 square feet per face to 678 square feet per face. Plaintiff also acknowledges that these dimensions exceed the maximum size allowed under Chapter 30 of the zoning ordinance.

(Dkt. No. 28, Pl.'s Resp. 3.)

Under the Township Ordinance, where signs are permitted, their size is strictly regulated. (Ord. §§ 30.9 - 30.15.) The largest sign permitted in any district under the Ordinance may not exceed 8 feet in height, or 60 square feet in area. (Ord. § 30.12.) The Ordinance's size limitations effectively preclude the erection of billboards anywhere in the Township, without regard to whether the speech is commercial or non-commercial. Because Plaintiff's proposed signs are at least 300 square feet in area, any billboard proposed by Plaintiff would exceed the maximum size allowed in any district in the Township.

Although Plaintiff acknowledges that its proposed signs would violate the Ordinances's size and height restrictions, Plaintiff nevertheless submits that this fact is not dispositive of the issue of standing. Plaintiff contends that *Midwest Media* is distinguishable because the plaintiff in that case challenged a prohibition against **all** off-premises advertising signs, while Plaintiff is challenging both an off-premises prohibition and a permitting requirement that apply only to **commercial signs**, and not to non-commercial signs. According to Plaintiff, once the unconstitutional provisions are removed from the ordinance, Plaintiff would be able to erect the signs at issue without a permit, and, if the signs run afoul of Defendant's height and size requirements, Defendant could file suit against Plaintiff for nuisance. Plaintiff contends that until such time as the ordinance is amended to compel both

commercial and non-commercial signs to comply with the advance permitting process, the issue of size and height would not come into play.  (Dkt. No. 28, Pl.'s Resp. 4-5.)

Plaintiff's argument lacks merit.  First, the fact that Plaintiff has challenged both an off-premises prohibition and a permitting requirement does not distinguish this case from *Midwest Media* because the plaintiffs in *Midwest Media* similarly challenged both an off-premises ban and a sign approval process.[1]  Second, the Ordinance's distinction between commercial and non-commercial speech is not material to the issue of redressability because the Ordinance's size and height restrictions apply to all signs, regardless of whether they are commercial or non-commercial.  Even if Plaintiff could show that the off-premises advertising ban and/or the permitting process violate(s) the First Amendment, Plaintiff's proposed billboards would still plainly violate the Township's size and height restrictions.

Plaintiff also contends that *Midwest Media* is distinguishable because the township in that action denied the plaintiff's applications, while Grand Rapids Township refused to take action on Plaintiff's applications.  The constitutional injury Plaintiff alleges in this action is its inability to erect and use off-premises commercial billboards.[2]  Plaintiff has not

---

[1]As noted in *Midwest Media*, "[e]ven if plaintiffs could show that the township's original off-premises advertising ban (or its sign-approval process) violated the First Amendment, each of Midwest Media's nine sign applications sought permission to post signs that plainly violated the township's size and height regulations."  503 F.3d at 461.

[2]Plaintiff alleges injury for the constitutional violations as follows:

48.  The Ordinance and actions of officials of the Township have denied Hucul the ability to erect a billboard upon Premises **#1, #2, #3, #4, #5, and #6**,

(continued...)

Case 1:11-cv-00376-RHB  Doc #30  Filed 03/15/12  Page 6 of 7  Page ID#212

shown how the distinction between a denial of an application and a refusal to process an

application affects the issue of standing.

Finally, Plaintiff contends that *Midwest Media* is distinguishable because it did not

involve a challenge arising under the Michigan Highway Advertising Act.  Plaintiff contends

that to the extent it is challenging the Township's total ban on billboards under the Michigan

Highway Advertising Act it is also effectively challenging Defendant's size and height

requirements.

Jurisdiction in this case is premised on federal question jurisdiction under 28 U.S.C.

§§ 1331 and 1343.  (Compl. ¶¶ 1, 2.)  The only federal claim is found in Count I, which

raises a claim under the First and Fourteenth Amendments of the Constitution of the United

States and 42 U.S.C. § 1983.[3]  The Court's jurisdiction over Plaintiff's three state law claims

arises, if at all, pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

(Compl. ¶ 3.)  Supplemental jurisdiction does not arise unless the Court has original

---

[2](...continued)
thereby depriving Hucul of its rights to free speech secured by the First
Amendment and Fourteenth Amendment to the United States Constitution.

49.  Hucul has suffered monetary loss, including lost revenue, because of its
inability to erect and use the billboards at Premises **#1, #2, #3, #4, #5, and #6**.

(Compl. ¶¶ 48, 49 (emphasis in original).)

[3]Counts II, III, and IV allege violation of the Michigan Highway Advertising Act,
unlawful exercise of police powers, and violation of the Michigan Zoning Enabling Act.  As
evidenced by the case law cited in Plaintiff's amended brief in opposition to Defendant's
motion for summary judgment, Count III, which alleges unreasonable exercise of police
powers, is a state law claim.  (Dkt. No. 19, Pl.'s Am. Br. in Opp. 18-21.)

6

jurisdiction over another claim.  28 U.S.C. § 1367(a).  The fact that resolution of Plaintiff's state law claim under the Michigan Highway Advertising Act may affect resolution of Plaintiff's federal claim does not give the Court original jurisdiction over the state law claim. The Court cannot consider Plaintiff's likelihood of success on the Michigan Highway Advertising Act claim unless and until the Court determines that it has jurisdiction over Plaintiff's federal claim.

Plaintiff has not identified a material distinction between the facts of this case and the facts of *Midwest Media* that is relevant to the issue of redressability.  Plaintiff has failed to show that it is likely that its constitutional injury will be redressed by a favorable decision. Accordingly, Plaintiff lacks standing to bring the constitutional claim.  Because the Court does not have jurisdiction over Plaintiff's federal constitutional claim, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff's entire complaint will accordingly be dismissed for lack of subject matter jurisdiction.  This dismissal does not prevent Plaintiff from bringing its state law claims in state court.

An order and judgment consistent with this opinion will be entered.


Dated: <u>March 15, 2012</u>              /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE

7